**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**DESHOULIERES, S.A.,**                           :
                                                  :
                       **Plaintiff,**    :
                                                  :    06 Civ. 5163 (HB)
      - against -                          :
                                                  :    <u>OPINION & ORDER</u>
**CUTHBERTSON IMPORTS, INC.,**                    :
                                                  :
                                                  :
                       **Defendants.**   :
-----------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

        On July 7, 2006, plaintiff Deshoulieres, S.A. ("Deshoulieres" or "Plaintiff"), filed a complaint against defendant Cuthbertson Imports, Inc. ("Cuthbertson" or "Defendant"), alleging trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051, *et. seq.*, as well as supplemental claims under New York common law for unfair competition, deceptive acts and practices, breach of contract, and recovery for goods sold and delivered. Defendant subsequently brought a motion to transfer venue to the District of Connecticut pursuant to 28 U.S.C. § 1404(a), as well as a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). For the reasons set forth below, the motion to transfer is granted, and the motion for a more definite statement is referred to the Connecticut court.

## I.    BACKGROUND

        Plaintiff Deshoulieres is a French manufacturer of high quality cookware that it sells under the APILCO trademark, registered in the United States. Plaintiff's Complaint ("Pl. Compl.") at ¶ 6-10. Defendant Cuthbertson is an American distributor, incorporated and with principal place of business in Connecticut. Defendant's Motion to Transfer to the District of Connecticut ("Def. Motion to Transfer"), Ex. A at ¶ 5. On December 14, 1993, Deshoulieres and Cuthbertson entered into an agreement whereby Cuthbertson became the exclusive distributor of APILCO cookware in the United States. Pl. Compl. at ¶ 11, Ex. A.

        Plaintiff alleges that it terminated the agreement in or about January 2005 in accordance with its terms because of Cuthbertson's failure to discharge its obligations. Pl.

Compl. at ¶ 12. Plaintiff alleges, among other things, that Defendant Cuthbertson failed to properly service customers of APILCO products, failed to use its best efforts to promote APILCO products in the United States, offered unauthorized competing products for sale, and owed monies to Plaintiff now totaling over $135,000. Pl. Compl. at ¶ 12-16. Plaintiff also alleges that Defendant continues to offer APILCO products for sale in violation of APILCO's trademark and continues to fail to properly service customers. Pl. Compl. at ¶ 17-22.

Defendant Cuthbertson filed this Motion to Transfer Venue to the District of Connecticut on August 2, 2006. Defendant cites that it has no offices, employees, or presence in New York, nor is it licensed to do business in New York. Def. Motion to Transfer at 4, Ex. A at ¶ 10. It appears that Defendant's performance of the contract occurred primarily, if not wholly, in Connecticut. Defendant represents that Plaintiff shipped goods from France to Defendant's warehouse in Connecticut. Def. Motion to Transfer, Ex. A at ¶ 7. Defendant spells out how it communicated with Plaintiff from its Connecticut office, received orders, generated purchase orders, and contacted its customers all from its Connecticut office, and paid Plaintiff through its Connecticut bank. Def. Motion to Transfer, Ex. A at ¶ 8-9, 11.

The underlying contract between the parties bears the signature of Cuthbertson's President, Allyn Powell, and states that it was signed in New York on December 14, 1993. Pl. Compl., Ex. A. However, this fact is in dispute between the parties. Powell states that she believes she signed the contract in Connecticut, and is unsure whether the contract attached to the complaint is the "actual contract" (perhaps she contends that she signed the signature page in Connecticut). Def. Motion to Transfer, Ex. A at ¶ 6.[1] Powell goes on to state that her negotiations of the contract took place in Connecticut, London, and New Jersey, and that the parties "shook hands" on the contract at Defendant's Connecticut office. Id.

The contract itself contains a forum selection clause providing for jurisdiction in France for disputes regarding its application or interpretation, but also providing the option to Defendant Cuthbertson to bring its action in Connecticut if it be the claimant.

---

[1] Plaintiff cites to the fact that David Holmes of Elite Design, a third-party to the contract, also apparently signed the contract in New York (according to the signature page). Memorandum of Law in Opposition to Defendant's Motion to Transfer to the District of Connecticut ("Pl. Opp.") at 4.

2

Pl. Compl., Ex. A. The contract states that it is governed by French law. Id.

## II.     STANDARD OF REVIEW

Defendant Cuthbertson brings this motion to transfer under 28 U.S.C. § 1404(a), which provides that: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006).[2]

A motion to transfer rests within the "sound discretion" of the district court. Schwartz v. R.H. Macy's, Inc., 791 F. Supp. 94 (S.D.N.Y. 1992). The burden is on the movant to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978); see also Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, 829 F. Supp. 62, 66 (S.D.N.Y. 1993) (movant must make "clear and convincing showing"). Although the plaintiff's choice of forum is entitled to substantial weight, this presumption does not apply if the plaintiff chooses a foreign forum and the cause of action bears little relation to the chosen forum. See Bassili v. Chu, 242 F. Supp. 2d 223 (W.D.N.Y. 2002); Anadigics, Inc. v. Raytheon, 903 F. Supp. 615, 616 (S.D.N.Y. 1995); Bordiga v. Directors Guild, 159 F.R.D. 457, 462 (S.D.N.Y. 1995).

Factors the court should consider include: (1) the convenience of witnesses; (2) the availability of process to compel the attendance of unwilling witnesses; (3) the convenience of the parties; (4) the locus of operative facts; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. See, e.g., Anadigics, Inc. v. Raytheon, 903 F. Supp. at 617. "The convenience of the witnesses and the parties are generally considered as the most important factors in a transfer application." D'anton Jos, S.L. v. Doll Factory, 937 F. Supp. 320, 322 (S.D.N.Y. 1996); see also Hubbell Inc. v. Pass & Seymour, 883 F. Supp.

---

[2] As a threshold matter, this court must determine whether the Plaintiff could have brought this action in the District of Connecticut. Pursuant to 28 U.S.C. § 1391(b), because Defendant resides in Connecticut and is subject to personal jurisdiction there, venue is proper in Connecticut. *See*, *e.g.*, *D'anton Jos, S.L. v. Doll Factory,* 937 F. Supp. 320, 322 (S.D.N.Y. 1996). The parties do not contest this.

955, 962 (S.D.N.Y. 1995) ("The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses.").

### III.   DISCUSSION

I find that the totality of the factors favors transfer to the District of Connecticut. I will address each factor in turn.

A. <u>Convenience of Witnesses and Availability of Process</u>

Defendant Cuthbertson provides a list of eighteen witnesses, fourteen of whom reside in Connecticut, the remainder residing in California, Illinois, and England. Defendant avers that these witnesses will testify that Cuthbertson neither sold nor distributed competing products of APILCO prior to January 2005 and did not substitute any products for APILCO's during or after January 2005. Def. Motion to Transfer, Ex. A at ¶ 12.[3]

Plaintiff is correct in pointing out that all of the fourteen Connecticut witnesses reside within 100 miles of New York City and thus within the subpoena power of this Court, and that it would be equally inconvenient for the four remaining witnesses to travel to either Connecticut or New York. Plaintiff is also correct in pointing out that public transportation is generally available from southwestern Connecticut to New York City. See <u>Kelly v. MD Buyline</u>, 2 F.Supp.2d 420, 422 n.9 (S.D.N.Y. 1998) (noting that even a four-hour plane ride is "not sufficiently inconvenient" to weigh heavily in favor of transfer). On the other hand, courts have transferred cases from New York to adjoining districts without hesitation, particularly where the plaintiff chooses a foreign forum. See <u>De Jesus v. National R. Passenger Corp.</u>, 725 F. Supp. 207, 209 (S.D.N.Y. 1989) ("[T]he proximity of New York to New Jersey does not alter the fact that this case has no significant connection with this forum.")

Because Connecticut is more convenient for the majority of witnesses, and no less convenient for the remainder of witnesses, the balance of interests favors Connecticut.

B. <u>Convenience of Parties</u>

For Defendant Cuthbertson, a Connecticut corporation, Connecticut is clearly more convenient. For Plaintiff Deshoulieres, a French company, it appears to matter little

---

[3] As Plaintiff notes, it is Defendant's burden to "clearly specify the key witnesses to be called" and "make a general statement of what their testimony will cover." <u>Factors Etc., Inc. v. Pro Arts, Inc.</u>, 579 F.2d at 218. Defendant has satisfied this burden, albeit briefly.

4

whether it litigates in New York or Connecticut, as both are equally inconvenient from France. Although Plaintiff's attorneys may be based in New York, courts have accorded "little weight" to the convenience of plaintiffs' attorneys. Kolko v. Holiday Inns, 672 F.Supp. 713, 715 (S.D.N.Y. 1987). The balance of interests here strongly favors Connecticut.

Additionally, the forum-selection clause contracted to by Plaintiff potentially providing for venue in Connecticut undercuts its argument that Connecticut would be an inconvenient forum in which to litigate. Although "not dispositive," a forum-selection clause can be a "key consideration" in determining motions to transfer. APA Excelsior III L.P. v. Premiere Techs., Inc., 49 F. Supp. 2d 664, 668, 671 (S.D.N.Y. 1999), citing Heller Financial, Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989) ("a valid forum-selection clause may waive a party's right to assert his own inconvenience as a reason to transfer a case…"); see also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (Congress explicitly intended district courts to consider forum-selection clauses in considering motions to transfer under 28 U.S.C. § 1404(a)).

    C.  Locus of Operative Facts

Nearly all the operative facts here occurred in Connecticut. According to the facts before the Court, the contract was negotiated by Defendant in Connecticut, consummated orally in Connecticut, and performed by Defendant nearly wholly in Connecticut. Such performance is the crux of the parties' underlying dispute.

The sole significant action in New York, albeit disputed, appears to be the signing of the contract in New York. Even accepting Plaintiff's version of events as true, the "center of gravity" of the litigation appears to be in Connecticut. "Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district." Bordiga v. Directors Guild, 159 F.R.D. 457, 462, citing Viacom Int'l, Inc. v. Melvin Simon Productions, Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991).[4] As the

---

[4] Although Plaintiff alleges that the Defendant sold products in New York, and thus that the tort of trademark infringement occurred in New York, Plaintiff alleges no specific facts to support this assertion. See Pl. Opp. at 5. Indeed, Defendant's assertions that it conducted business wholly from its Connecticut offices contradict Plaintiff's assertion. Def. Motion to Transfer, Ex. A at ¶ 9-10. Additionally, Plaintiff claims that it was injured in New York because one of its major customers is located in New York. See Pl. Opp. at 5-6. Even assuming such injury existed, the injury seems too attenuated to change the determination that the majority of operative facts happened in Connecticut. See Bassili v. Chu, 242 F. Supp. 2d 223, 231.

operative facts are nearly entirely within Connecticut, the balance of interests here favors Connecticut.

    D.  Location of Documents

Defendant states that "all of [its] documentation relevant to this matter" exists in Connecticut. Def. Motion to Transfer, Ex. A at ¶ 14. Plaintiffs counter that the "location of documents is irrelevant in the modern age of copying." In re Glenayre Techs., Inc. Sec. Litig., 982 F. Supp. 294, 300 (S.D.N.Y. 1997). While the inconvenience to Defendant is perhaps slight, the balance of interests favors Connecticut.

    E.  Relative Means of Parties

Neither party suggested that litigation in one district or another would adversely affect it financially. Here, the balance of interests is neutral.

    F.  Governing Law

The governing law of the underlying contract is that of France. Although Plaintiffs have pled New York causes of action, in addition to federal causes of action, Defendants challenge their ability to do so. At this stage of the litigation, it is fair to say that at best, New York may have more familiarity with the governing law, and at worst, both fora may be unfamiliar with the governing law. Although the eventual result of these claims is unclear, the balance of interests at this time slightly favors New York.

    G.  Plaintiff's Choice of Forum

As noted above, although the plaintiff's choice of forum is entitled to "substantial weight," this presumption does not apply if the plaintiff chooses a foreign forum and the cause of action bears little relation to the chosen forum. See Bassili v. Chu, 242 F. Supp. 2d 223 (W.D.N.Y. 2002); Anadigics, Inc. v. Raytheon, 903 F. Supp. 615, 616 (S.D.N.Y. 1995); Bordiga v. Directors Guild, 159 F.R.D. 457, 462 (S.D.N.Y. 1995). The balance of interests here do not weigh as strongly in favor of New York as plaintiff would suggest.

    H.  Interests of Justice

Courts can consider trial efficiency and general "interests of justice" in considering a motion to transfer. See Balaban v. Pettigrew Auction Co., 1997 U.S. Dist. LEXIS 22127, at *10-11 (S.D.N.Y. 1997). However, the parties have put forth no evidence of circumstances, such as crowded docket conditions in one district, that would militate a speedier prosecution of the action in one District as opposed to another. See De

Jesus v. National R. Passenger Corp., 725 F. Supp. 207, 209. The balance of interests here do not favor either forum.

## IV.  CONCLUSION

Because plaintiff has chosen a foreign forum with little connection to the facts of the case, and the totality of the factors, particularly the convenience of the parties and witnesses, favors transfer to Connecticut, Defendant's Motion to Transfer Venue to the District of Connecticut is GRANTED. I decline to act upon Defendant's Motion for a More Definite Statement; it will be transferred with the case to be acted upon by the District of Connecticut. The Clerk of the Court is instructed to close this matter and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
October 3, 2006

U.S.D.J.

7